By the Court, Robertson, Ch. J.
The Court of Appeals having held in the case óf The People v. The N. Y. Central Railroad Co., (referred to in S. C. in 30 How. Rep. 149,) that an order for an allowance in addition to costs was appealable, it becomes necessary that the facts on which the motion for them is made should be presented'in such a mode as to *564 have them passed upon by an appellate court on appeal. The principle announced was, that “an order which peremptorily and finally charged a party with the payment of a sum of money more than he ought to pay, affected his rights not merely in form but substance also.” In the same case, upon its return to the Supreme Court, it was suggested by that court (ubi sup.) that parties claiming any additional sum ought to furnish the court with some specific facts, such as moneys actually expended, or liabilities incurred by them, or time and labor consumed by their counsel or servants, the time consumed on the trial, the number of trials and postponements, and of arguments at a general term, and whether a long account was involved or a reference had. The presiding justice (Brown) added, that without them the court could not “ form an intelligent and satisfactory estimate of the sum to be awarded as a compensation and indemnity for the unusual and extraordinary character of the litigation.” The special term order was reversed in that case, simply because it was supposed to cover services after the entry of judgment in that court.
The 52d general rule -of court, it is true, provides that the application can only be made to the court before which the .trial is had or the judgment rendered. This has been supposed to mean the judge, but without reason ; it is evidently meant to exclude appellate courts only, as judgment is rendered by a court, not by a judge, and “which” does not properly apply to a person. But even if it did mean the judge, the only object was to enable him to determine the proper amount, as to which his discretion is final.' (Cook v. Dickenson, 5 Sandf. 663. Dickson v. McElwain, 7 How. Pr. 139.) It could never mean that such a motion was tó be determined solely upon the judge’s own personal knowledge alone. In which case neither the ■counsel making nor the one resisting would know on what facts to argue, nor would the grounds of the decision appear. On an appeal, unless a statement was made by the judge before whom the motion was made, of what he con *565 sidered to be facts in the case, the appeal would be nugatory, and the making of such statements would lead to unseemly contests between the bench and the bar, as to what had taken place on the trial or in the action.
I think, therefore, such motions cannot be made without some affidavits containing facts of the kind suggested . in the case first cited, (People v. Central Railroad, ubi sup.) so that the grounds of the decision may appear on an appeal. In the present case nothing of the kind appears; it does not even appear by the papers before us that a trial has been had, or in whose favor judgment has been rendered, or what disposition was made of the defendant’s counter-claim. After such counter-claim was made and replied to, the plaintiff could not discontinue without the defendant’s consent, (Cockle v. Underwood, 3 Ruer, 676,) nor could the defendant withdraw his counter-claim without the plaintiff’s consent. If it was litigated and the defendant was defeated, it would be hard to charge the plaintiff with any part of the allowance for that branch of the litigation, and it would be equitable to take it into consideration in .fixing the allowance to the defendants. In any event, I think the order was made on insufficient papers, and should be reversed, without costs on the merits, with privilege to renew on other papers. A separate motion was made to dismiss the appeal upon the ground that the order was not appealable; that motion must be denied, with seven dollars costs to the plaintiff.